UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDITO M. ROSA, JR., *Pro Se*, | Case No.: 1:19 CV 2259 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| SHERIFF CLIFFORD PINKNEY, *et al.*, | |
| | MEMORANDUM OPINION |
| Defendants | AND ORDER |

## I. INTRODUCTION

*Pro Se* Plaintiff Edito M. Rosa, Jr., a state prisoner, is presently incarcerated at the Richland Correctional Institution ("RCI"). He brings this action pursuant to 42 U.S.C. § 1983 against Defendants Sheriff Clifford Pinkney, Eric Ivey, and Kenneth Mills (collectively, "Defendants"), alleging that while he was incarcerated at the Cuyahoga County Jail ("CCJ") Defendants violated his constitutional rights by denying him medical treatment and requiring him to endure inhumane jail conditions. (ECF No. 1 at 3-4).

For the reasons that follow, this action is dismissed.

## II. BACKGROUND

Rosa's brief complaint alleges in conclusory fashion that while incarcerated at the CCJ between April 17, 2018 and November 18, 2018, he was denied medical attention for a sciatic nerve, muscle spasms, and dry eyes. Plaintiff also had difficulty urinating, for which he was treated with Flomax. Rosa attributes his urinary difficulties to poor water quality at the CCJ. He claims that each request he made for medical treatment was denied by Dr. Tallman, who is not a defendant in this action. Rosa also claims that at CCJ, the food was unhealthy and unclean, the showers were dirty,

he was unable to attend religious services and denied a proper law library, was required to sleep on a mat on the floor, the temperature was too cold, he feared he would contract HIV from other inmates, and he was kept in the Red Zone and did not have access to his attorney. (*Id.* at 3-4).

Rosa asserts a single claim against Defendants: "Under Sheriff Clifford Pinkney and Warden Eric Ivey as well as Regional Director Ken Mills watch," he experienced the treatment and conditions at CCJ alleged in the Complaint. (*Id.* at 4). For relief he seeks more than $10 Million Dollars. (*Id.* at 5).

## III. LAW AND ANALYSIS

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

**B. Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must plausibly allege that a person acting under color of state law deprived him of a right secured by the United States Constitution. *See West v. Atkins*, 487 U.S. 42, 48 (1998). Rosa fails to state a § 1983 claim upon which relief can be granted against Defendants.

Plaintiff does not set forth factual allegations specifically connecting any Defendant to the claimed unconstitutional conditions – Rosa alleges only that the claimed unconstitutional conduct he experienced at CCJ occurred on their watch. It is well-established that supervisory officials cannot be liable under § 1983 solely on the basis of respondeat superior. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff cannot establish liability on the part of any Defendant for claimed constitutional violations absent allegations that each Defendant was personally involved in the conduct which forms the basis of the claims. "Because vicarious liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific unconstitutional conduct in the body

of the Complaint, the Complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Plaintiff also claims that his grievances were ignored and denied. (*See* ECF Nos. 1-1, 3-1). To the extent Plaintiff is alleging that any of the Defendants denied his grievances, thereby violating his constitutional rights, Rosa fails to state a claim upon which relief may be granted. Defendants whose only roles involve the denial of grievances or failure to act with respect to the unconstitutional conduct alleged in the grievance are not liable under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, while a prisoner has a right to file a grievance, there is no constitutional right to an effective grievance procedure or a particular outcome. *See LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citation omitted).

Accordingly, Plaintiff fails to state a plausible § 1983 claim against any of the Defendants, and this action is hereby dismissed pursuant to § 1915(e)(2)(B).

### IV. CONCLUSION

For all of the foregoing reasons, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 5, 2020